**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4013

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSE LEE ANTHONY, III,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (1:04-cr-00196)

Submitted: September 28, 2006          Decided: October 4, 2006

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David C. Smith, SMITH & SCANTLEBURY, L.C., Bluefield, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Charleston, West Virginia; John Lanier File, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jesse Lee Anthony, III, appeals from his conviction pursuant to a guilty plea to distribution of crack cocaine and money laundering and the resulting 151-month sentence. Anthony's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but addressing the validity of Anthony's plea and sentence. Anthony was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm.

We find that Anthony's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Anthony was properly advised of his rights, the offenses charged, and the maximum sentence for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 151-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed was reasonable. See United States v. Green,

436 F.3d 449, 457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Anthony's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED